IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:98-CV-38-BO2

FILED

OCT 13 1998

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST NO. CAR

| | |
|---|---|
| MILTON BLACKWELL,<br>Plaintiff,<br>vs.<br><br>UNITED STATES EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS or for**
**SUMMARY JUDGMENT**
Rules 12(b)(1) or 56(b), FED. R. CIV. P.

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

### I. SUMMARY OF THE CASE

Plaintiff initiated this action by filing a complaint on June 5, 1998, against the

U.S. Equal Employment Opportunity Commission (hereinafter EEOC or Commission).

Plaintiff has sued defendant EEOC under the Freedom of Information Act (hereinafter

FOIA), 5 U.S.C. § 552, alleging that defendant failed to respond to his request for

documents purportedly made pursuant to FOIA. Complaint, p. 2. As relief, plaintiff

seeks the withheld information or money damages. Complaint, p. 3.

Defendant contends that it did not receive plaintiff's FOIA request until May 28,

1998, and that plaintiff filed this suit before defendant was obligated to respond to the

FOIA request. In a timely FOIA determination dated June 10, 1998, defendant released

to plaintiff the bulk of the information he had requested. Answer, ¶ 4. Defendant

informed plaintiff that he could appeal its determination if dissatisfied. Plaintiff has not

done so. Answer, pp. 1-2.

## I. STATEMENT OF FACTS

In July 1997, plaintiff filed a charge of employment discrimination (charge number 141970509) with defendant EEOC against his employer, Elizabeth City State University. Plaintiff's charge was filed at EEOC's Raleigh Area Office (hereinafter RAO). RAO reports to EEOC's Charlotte District Office (hereinafter CDO). RAO dismissed plaintiff's charge on September 24, 1997. By letter dated October 7, 1997, Plaintiff asked RAO to provide him a copy of the case file relating to his charge. Plaintiff's October 7 letter, consisting of one sentence, did not reference FOIA or otherwise indicate that plaintiff's request for the charge file was being made pursuant to FOIA. RAO staff did not respond to plaintiff's October 7 letter.

Seven months later, plaintiff sent a letter, dated May 8, 1998, to both the U.S. Department of Justice (DOJ) and RAO in which he complained about the employment discrimination he suffered, as well as RAO's failure to supply him with a copy of his charge file. Plaintiff's May 8 letter erroneously states that his October 7 request for his charge file was made pursuant to FOIA. In his May 8 letter, plaintiff for the first time requested RAO to provide him a copy of his charge file pursuant to FOIA.

RAO received plaintiff's FOIA request on May 13, 1998, and transferred the request to defendant's regional attorney at CDO. CDO's regional attorney received plaintiff's request on May 28, 1998. Six work days later, on June 5, 1998, plaintiff filed this lawsuit. On June 10, 1998, five days after Plaintiff filed the instant civil action (but before defendant was served with a copy of the complaint), defendant, through its CDO regional attorney, released to plaintiff almost all of his charge file. Three documents,

each consisting of one page, were withheld. Two documents that were disclosed had information redacted.

One document not disclosed is referred to as the "RAO Area Office Assessment Processing Instructions for Pending Inventory," dated July 16, 1997 (hereinafter "Assessment Form"). This document contains defendant's initial assessment of the merits of the charge. A second document withheld was the "Recommendation for Closure," dated September 24, 1997 (hereinafter "Investigator's Memorandum"). This form contains the recommendation of the EEOC investigator as to the disposition of the charge, *e.g.*, should the charged be dismissed, further investigated, is there reason to believe discrimination occurred. The Investigator's Memorandum was withheld pursuant to 5 U.S.C. § 552(b)(5). The third document withheld was the "Closure/Cause Report," dated September 24, 1997 (hereinafter "Closure Report"). The investigator's supervisor checks a box on this form indicating the basis for defendant's final disposition of the charge, *e.g.*, "settlement," "private litigation resolution," "no cause".

One document from which information was redacted was the "Case Log." This document tracks the investigator's work on the charge, such as when an interview took place or when documents were received. The information redacted pertained, in part, to a conservation between the EEOC Investigator and plaintiff. One document disclosed to plaintiff, entitled "Position Applicants Data," was obtained by defendant from plaintiff's employer, Elizabeth City State University. The Commission redacted the names, addresses and phone numbers of the two third-party applicants whose names appear on this form. This information was withheld pursuant to 5 U.S.C. §§ 552(b)(6) and 552(b)(7)(C).

Defendant's June 10 decision regarding plaintiff's FOIA request informed plaintiff that he had thirty days to appeal defendant's determination to withhold certain documents and information. Plaintiff has not appealed defendant's decision.

## III. LEGAL ARGUMENT

### A. Plaintiff's Complaint Should be Dismissed for Failure to Exhaust Administrative Remedies

Defendant seeks dismissal of the instant complaint under Rule 12(b)(1), FED. R. CIV. P., which provides for such disposition for lack of jurisdiction over the subject matter, because plaintiff has failed to exhaust administrative remedies under FOIA. He has failed to exhaust in that he filed this suit before defendant's time to respond to his FOIA request had expired and by failing to file a timely administrative appeal from defendant's timely response.

Exhaustion of administrative remedies under FOIA generally is required before filing suit in federal court. *See, e.g., Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir.) ("[A] requester may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies"), *cert. denied*, 515 U.S. 843, 116 S.Ct. 130, 133 L.Ed.2d 78 (1995); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts"). Exhaustion of administrative remedies is intended to provide an agency with the opportunity to exercise its discretion and expertise on a matter, and to develop a factual record in support of its decision. The exhaustion requirement also allows an agency's senior management officials to correct any mistakes made at lower levels, thereby avoiding unnecessary judicial review. *See Oglesby v. U.S.*

*Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (quoting *McKart v. United States*, 395 U.S. 185, 194 , 89 S.Ct. 1657, 1662-63, 23 L.Ed.2d 194 (1969)).

The Freedom of Information Act provides that:

> [a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(c). Thus, it is implicit that exhaustion of administrative remedies is mandatory before a person can request judicial review of an agency's action under FOIA. Furthermore, FOIA specifically provides for an administrative appeal process following an agency's initial decision on a FOIA request. After receiving a FOIA request, an agency is required to:

> (i) determine within [ten][1] days (excepting Saturdays, Sundays, and legal public holidays) . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reason therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A)(i)-(ii). Because § 552(a)(6)(A) provides for an administrative appeal where an agency's initial FOIA determination is adverse, judicial review of that

---

[1] Subsequent to the filing of Plaintiff's civil action, FOIA was amended to provide that an agency must respond to a FOIA request within twenty (20) days. 5 U.S.C. § 552(a)(6)(A)(i) (West 1996 & Supp. 1997). Prior to October 2, 1997, however, an agency was required to respond to a FOIA request within 10 days (excepting weekends and holidays).

determination is available only after the agency determination has been upheld in the administrative appeal. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d at 64.

FOIA requires an agency to make records available upon request if the request is made in accordance with the agency's published rules concerning disclosure. 5 U.S.C. § 552(a)(3)(B). Defendant EEOC's published regulations setting forth the procedures that one must follow in making a FOIA request can be found at 29 C.F.R. Part 1610. These regulations provide that for Commission records to be disclosed under FOIA a written request for the records must be made. 29 C.F.R. § 1610.5. If a request for records is denied in whole or in part, the person making the request may, within 30 days of receipt, appeal the denial to defendant's Office of Legal Counsel. 29 C.F.R. § 1610.11. If the requestor remains dissatisfied with the decision on appeal, he or she may file a civil action in federal district court. *Id.*

Both plaintiff's October 7, 1997 request for his file and his May 8, 1998 FOIA request failed to comport with the Commission's FOIA regulations. Pursuant to 29 C.F.R. §§ 1610.5(a) and 1610.7(c), a written request for a Commission record must be presented to the Commission employee designated in 29 C.F.R. § 1610.7 and the request "must clearly and prominently be defined as a request for information under the Freedom of Information Act." Section 1610.7(a)(4) provides that a request for a charge file must be "submitted to the regional attorney for the pertinent district, area or local office, at the district office address listed in § 1610.4(c)." Accordingly, a request for a RAO charge file must be addressed to the CDO regional attorney. Finally, defendant's regulations make clear that, "[w]hen a request is one which by nature should properly be directed to . . . a regional attorney, such request shall not be deemed to have been received by the

Commission until the time it is actually received by the appropriate official." 29 C.F.R. §
1610.7(d).

Plaintiff's October 7, 1997 letter in which he requested a copy of his charge file
clearly was deficient in two respects: 1) it did not reference FOIA; and 2) it was not
addressed to the CDO regional attorney. Because the October 7 request did not reference
FOIA, officials at RAO were not required to process it as a FOIA request.

Plaintiff's May 8, 1998 letter, while it did reference FOIA, was defective in that it
was not addressed to the CDO regional attorney. Upon receiving the May 8 request,
RAO properly and promptly referred it to the CDO regional attorney, pursuant to 29
C.F.R. § 1610.7(c).[2] The CDO regional attorney received plaintiff's FOIA request on
May 28, 1998. Since EEOC regulations mandate that a FOIA request is not deemed
received by the Commission until received by the appropriate official, it is May 28, 1998,
that constitutes defendant's first and only receipt of plaintiff's FOIA request. *See
Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985) (time period
for responding to FOIA request does not begin to run until request is received by the
appropriate office in the agency as set forth in the agency's regulations); *Church of
Scientology of Cal. v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (when an agency has
regulations requiring that requests be made to specific officers for specific records, a
request is not deemed received – and no search for responsive records need be performed
– if the requester does not follow those regulations); *Kessler v. United States*, 899 F.
Supp. 644, 645 (D.D.C. 1995) (because requestor submitted FOIA request to agency's

---

[2] This regulation directs "[a]ny Commission official who receives a written Freedom of Information [sic]
request" to "promptly forward it to the appropriate" regional attorney.

headquarters, rather than district office, he "failed to exhaust his administrative remedies" and "it is as if he had made no request at all on which the [agency] could render a determination"); *United States v. Agunbiade*, No. 90-CR-610, 1995 WL 351058, at *5 (E.D.N.Y. May 10, 1995) (attached) ("In failing to direct his requests, in accordance with agency-specific rules, to the appropriate parties and agencies from which he sought information, [the requester] ignored the most fundamental dictates of FOIA").

The regional attorney's June 10, 1998 response to plaintiff's May 1998 FOIA request, wherein almost all of his charge file was disclosed, was therefore timely.[3] Thus, plaintiff's filing of the instant civil action on June 5, 1998, was premature. Pursuant to FOIA's exhaustion requirements, plaintiff, before filing the instant civil action, was required to wait the requisite 10-day period to receive the regional attorney's response, and if dissatisfied, appeal the regional attorney's decision to defendant's Office of Legal Counsel in accordance with the appeal rights set forth in the regional attorney's June 10 determination. 5 U.S.C. § 552(a)(6)(A)(ii); *see also* 29 C.F.R. § 1610.11(a) (requestor may appeal regional attorney's FOIA determination to the Commission's Legal Counsel within 30 calendar days of the requestor's receipt of the regional attorney's decision).

Thus, plaintiff has failed to satisfy the administrative exhaustion requirement with respect to his FOIA claim against EEOC.[4] Accordingly, plaintiff's failure to exhaust his

---

[3] Given the receipt date of May 28, 1998, and allowing for weekends, CDO had until June 11, 1998, to respond to plaintiff's request in a timely manner.

[4] The instant case is distinguishable from *Perdue Farms, Inc. v. National Labor Relations Authority*, 927 F. Supp. 897 (E.D.N.C. 1996). In *Perdue*, plaintiff filed a FOIA civil action after the NLRB had not responded to his FOIA request within the requisite 10 day period. Under such circumstances, the court held that plaintiff had constructively exhausted FOIA's administrative remedies. Likewise, even though the NLRB eventually responded to the FOIA request, plaintiff was not required to appeal the NLRB's FOIA determination as a condition precedent to continuing with his civil action. *See Perdue Farms, Inc. v. National Labor Relations Authority*, 935 F. Supp. 713 (E.D.N.C. 1996), *vacated*, 108 F.3d 519 (4th Cir.

administrative remedies deprives the Court of the authority to act on his FOIA claim against EEOC. *See Judicial Watch, Inc. v. Department of Justice*, No. 97-CV-2089 (D.D.C. July 14, 1998) (attached) (FOIA requester who filed a civil action before agency had opportunity to respond to the FOIA request, where agency's inability to respond in a timely manner was due to the requester's failure to comply with agency's FOIA regulations, failed to exhaust administrative remedies – thus, court had no jurisdiction over the FOIA suit).

### B. Summary Judgment Should be Granted Because the Commission Properly Withheld One Document and Properly Redacted Personal Information from Another

Plaintiff's complaint must be dismissed under Rule 56(b), FED. R. CIV. P., because there is no genuine issue of material fact requiring trial and defendant is entitled to judgment as a matter of law. The Investigator's Memorandum properly was withheld under FOIA's exemption for deliberative documents, and the personal information with respect to two third-party individuals properly was redacted to protect the privacy interests of those individuals. For purposes of this case only, defendant does not contest that two documents withheld by the CDO Regional Attorney (the Assessment Form and the Closure Report) and redacted information on a third document (the Case Log ) should have been disclosed to plaintiff pursuant to FOIA. Defendant will tender these documents and information to plaintiff at the time it files this motion.

---

1997). Unlike the NLRB, defendant EEOC did respond to plaintiff's FOIA request in a timely manner. For this same reason, the instant case is distinguishable from *Pollack v. Department of Justice*, 49 F.3d 115, at 119 ("the Department of Justice did not respond within the 10-day time-frame"). Quite obviously, it would render the exhaustion requirement a nullity if a plaintiff was permitted to proceed with a FOIA civil action where the only reason an agency did not respond to the plaintiff's FOIA request before the civil action was initiated was because the request did not comport with agency regulations. *See Judicial Watch v. Department of Justice*, No. 97-CV-2089 (D.C.C. July 14, 1998) (attached).

Under Rule 56(c), FED. R. CIV. P., summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Only disputes over facts that might influence the outcome of the suit under the governing law properly will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is commonly used to dispose of FOIA cases. *See, e.g., Cappabianca v. Commissioner, United States Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment" (citing *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993)); *Manna v. Department of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993) ("Summary judgment is typically used to adjudicate FOIA cases"); *Struth v. FBI*, 673 F. Supp. 949, 953 (E.D. Wis. 1987) ("Summary judgment is commonly used to adjudicate FOIA cases").

In the instant case, there are no material facts in dispute. Plaintiff requested a copy of his charge file and with the exception of one single-page document and personal information regarding two third-party individuals[5] the Commission gave plaintiff a copy of that file. Consequently, the only question which this Court must resolve is one of law; namely, was the withheld document and personal information properly not disclosed pursuant to FOIA. A plaintiff's disagreement with the legal basis for an agency's refusal to disclose information under FOIA does not raise a genuine issue with respect to a material fact and thus does not preclude a court from ruling on the summary judgment

---

[5] In light of defendant's tendering to plaintiff previously withheld documents and information, only the Investigator's Memorandum and the third-party personal information are considered to have been withheld.

motion. *See Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1122 (D.D.C.

1995) (plaintiff's disagreement with application of exemptions does not constitute a

dispute as to material facts precluding summary judgment "because he does not put forth

any facts to prove that they were wrongfully applied").

> i. *The Investigator's Memorandum is Predecisional and Deliberative, and Therefore Exempt from Disclosure under FOIA*

FOIA exempts from disclosure "inter-agency or intra-agency memorandums or

letters which would not be available by law to a party other than an agency in litigation

with the agency." 5 U.S.C. § 552(b)(5). The coverage of what is known as FOIA's "fifth

exemption" (so named for § (b)(5)) is broad, encompassing both statutory privileges and

those commonly recognized by case law. *See United States v. Weber Aircraft Corp.*, 465

U.S. 792, 800, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984). The most frequently invoked

privilege held to be incorporated into the fifth exemption is the deliberative process

privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 44

L.Ed.2d 29 (1975).

One purpose of the deliberative process privilege is to prohibit undue public

scrutiny of an agency's decision making so as to permit a free and frank exchange of

ideas between subordinates and superiors, thus preventing injury to the quality of the

agency's decisions. *See id.*, at 151. Another purpose is to avoid any public confusion

that might result from disclosure of rationales that were not in fact the actual reasons for

an agency's action. *See, e.g., Russell v. Department of the Air Force*, 682 F.2d 1045,

1048 (D.C. Cir. 1982). The fifth exemption not only protects deliberative material, but

also the deliberative process. *See, e.g., Schell v. H&HS*, 843 F.2d 933, 940 (6th Cir.

1988); *National Wildlife Federation v. Forest Service*, 861 F.2d 1114, 1119 (9th Cir.

1988); *Dudman Communications Corp. v. Department of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987).

An agency must meet two fundamental requirements to properly invoke the deliberative process privilege of the fifth exemption. The intra-agency memorandum must be predecisional and "must be a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). *Vaughn* further defined the exemption: "Exemption 5 is designed to protect subordinates' advice to superiors, it is designed to protect a true deliberative process usually leading up to final decisions." *Id.*, at 1146.

Factual material in an otherwise deliberative document may be withheld under exemption 5 where the author of the document selects specific facts out of a large group of facts and the selection is deliberative in nature. *See, e.g., Montrose Chemical Corp. v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974) (act of separating significant facts from insignificant facts constituted exercise of judgment by agency personnel entitled to protection). Courts have held that factual materials are exempt as deliberative where their release would "permit indirect inquiry into the mental processes," *Williams v. Department of Justice*, 556 F. Supp. 63, 65 (D.D.C. 1982), and so "expose" predecisional agency deliberations. *See Mead Data Cent., Inc. v. Department of the Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977).

The Commission's Investigative Memorandum is prepared by the EEOC Investigator who investigated the charge of discrimination. It sets forth the Investigator's analysis of the charge of discrimination and it contains the Investigator's recommendation to his or her superior of a possible disposition of the charge based on

12

that analysis. When comparing the decision making authority of an Investigator to that of his or her superior, the predecisional nature of the memorandum becomes clear. The Investigator lacks legal authority to make determinations on charges of discrimination. 29 C.F.R. §§ 1601.19(a) and 1601.21(d) (setting forth standards for cause determinations and delegating authority to Area and District Directors). The recommendation flows up the chain of command to the Area or District Director who makes a determination on the charge of discrimination. The Investigator's Memorandum is therefore both predecisional ("antecedent to the adoption of an agency [decision]," *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (*en banc*)) and "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d at 1144.

In short, the Investigative Memorandum meets the fundamental requirements for invoking the deliberative process privilege – it is both predecisional and deliberative. Consequently, it is exempt from disclosure under FOIA. *See Greyson v. McKenna & Cuneo*, 879 F. Supp. 1065 (D. Colo. 1995) (EEOC Investigator Memorandum is both predecisional and deliberative and therefore exempt from disclosure under FOIA's fifth exemption).

### ii. *Personal Information about Third Parties is Exempt from Disclosure under FOIA*

Personal privacy interests are protected by two provisions of FOIA, exemptions 6 and 7(C). Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement

records and information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

The information the Commission redacted from the Position Applicants Data form, a document which the Commission obtained from plaintiff's employer during the investigation of plaintiff's employment discrimination charge, includes the names, addresses and phone numbers of the two individuals listed on that form. Left intact was information setting forth the race, sex and birth dates of the two applicants, and a notation designating which applicant was selected for the position of Computer Operator. This form constitutes a law enforcement record, *i.e.*, it is an investigative record related to allegations of violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The form also is akin to a personnel record maintained by an employer.

A determination whether disclosure of the redacted information would constitute an unwarranted invasion of personal privacy requires a balancing of the public interest in disclosure against the individual's right to privacy. *See Department of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). In discussing this balance, the Supreme Court explained that the public interest aspect of FOIA is to "shed[] light on an agency's performance of its statutory duties." *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

Disclosing to plaintiff the names, addresses and phone numbers of individuals who applied for a job with plaintiff's employer will not inform plaintiff about the Commission's performance regarding its processing of his charge of employment discrimination. On the other hand, disclosing this information will impinge on these

individuals' personal privacy. *See id.* ("disclosure of information about private citizens that is accumulated in various governmental files . . . reveals little or nothing about an agency's own conduct"); *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991) ("categorical withholding" of information that identifies third parties in law enforcement records will ordinarily be appropriate under Exemption 7(C)); *Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359 (3d Cir. 1985) ("privacy interest of . . . witnesses who participated in OSHA's investigation outweighs the public's interest in disclosure"). In this regard, courts have held that the names, addresses and telephone numbers of third parties gathered by agencies during a criminal or civil investigation are subject to protection under Exemption 7(C). *See, e.g., Antonelli v. Sullivan*, 732 F.2d 560, 562 (7th Cir. 1984) ("[The requester] has mentioned no legitimate need for the witnesses' phone numbers, and we can well imagine the invasions of privacy that would result should he obtain them").

Thus, the information redacted from the form entitled "Position Applicants Data" lawfully was withheld by defendant under either the sixth or seventh exemption to FOIA. To disclose the names, addresses and telephone numbers of third parties in response to plaintiff's FOIA request would intrude unreasonably into their personal privacy and would not in any way disclose to plaintiff information about the Commission's performance of its statutory duties in processing his charge of employment discrimination.

### IV. CONCLUSION

For all of the foregoing reasons, defendant's Motion to Dismiss, or in the alternative, defendant's Motion for Summary Judgment, should be granted.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Defendant EEOC's Motion to

Dismiss and Memorandum in Support of Motion were mailed by first class mail on

October 7, 1998 to the following party:


Milton Blackwell
1305 Eastway
Apartment B
Elizabeth City, North Carolina   27909



This 7th day of October, 1998.

ELLEN J. VARGYAS
Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel


Gary John Hozempa
Emily S. Kim
Attorneys for Defendant EEOC
1801 L Street, N.W.
Room 6033
Washington, D.C.   20507
(202) 663-4666

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:98-CV-38-BO2

MILTON BLACKWELL,                        )
       Plaintiff,                        )
    vs.                                  )
                                     )
UNITED STATES EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION,                  )
       Defendant                         )
                                       )

### DECLARATION OF MINDY E. WEINSTEIN

Under penalty of perjury, I, Mindy E. Weinstein, do hereby declare the following:

1. I am the Regional Attorney in the Charlotte, North Carolina, District Office of the U.S. Equal Employment Opportunity Commission ("EEOC").

2. One of my duties as Regional Attorney is to respond to requests for documents or information made pursuant to the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552, to the EEOC's Raleigh Area Office and Charlotte District Office.

3. On May 28, 1998, I received a FOIA request, dated May 8, 1998, from Mr. Milton Blackwell in which Mr. Blackwell sought a copy of EEOC Charge File No. 141970509, *Milton Blackwell v. Elizabeth City State University*. (See Exhibit 1, attached hereto). I responded to Mr. Blackwell's request on June 10, 1998, releasing all but three (3) documents of his charge file, and redacting information from two released documents. (See Exhibit 2, attached hereto).

4. The first time I saw Mr. Blackwell's letter dated October 7, 1997, and addressed to EEOC's Raleigh Area Office (see Exhibit 3, attached hereto) was as an attachment to his May 8, 1998, FOIA request.

5. I certify that I have attached to this Declaration an authentic copy of each document identified as an exhibit.

Signed this /st/ day of October, 1998

Mindy B. Weinstein

Mi on Blackwell
1305 Eastway, Apt. E
Elizabeth City, NC. 27909

Date: May 8, 1998

98-05-FOIA-463-CT

Merrily A. Friedlander
U.S. department of Justice
Civil Rights Division
Coordination and Review Section
P.O. Box 66560
Washington, DC 20035-6560

Doc #91042

Richard E. Waltz, Director
E.E.O.C
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27508-2129

Charge #141970509

Sirs:

In response to the Department of Justice (DOJ) letter of 4/24/98, which I received on 5/1/28, I called the DOJ to request a copy of my file, DOC # 81042. In reference to my phone call of 5/1/28, I am writing to request a copy of my complete DOJ file as record of the DOJ's findings in their determination of this matter.

In reference to the DOJ's letter of 4/24/98, I also wrote a letter to the EEOC on 10/7/97 following their hasty dismissal of my case, and asked the EEOC for a copy of my EEOC file, Charge # 141970509, for in their dismissal of my case they provided me no findings. Therefore, the EEOC's letter of dismissal is misleading in that it tends to construe that they held an investigation which they never held.

The question to the EEOC is on what information did they base their investigation, and what information was obtained in their investigation. And if their investigation did not certify that the respondent was in compliance with the statues, then what statues were the respondent in violation of/non-compliance with?

This information should have been provided me by the EEOC in an official document such as a REPORT OF INVESTIGATION OF CHARGE #141970509, containing information such as:

----------------------
Page 1 of 3.

Therefore, that because o  the names of the parties  .d agencies, and
the attorney for the respondent, involved in my complaint of sexual
discrimination, the EEOC simply dismissed my case rather than holding
an investigation into my workplace conditions as entered in my Affidavit
and Charge of Discrimination.

In filing my charge with the EEOC, I made it clear that though I had
tried, I could not find a lawyer who's phone number I could find, in
all of North Carolina who would provide me any legal assistance at all.
For if I had been able to get a lawyer, or could get a lawyer, I would
not be having to write this letter now.

After being unable to obtain the assistance of any lawyer, my hearing
with the Office of State Personnel (OSP) was my only lifeline. After
being sexually discriminated against at my agency of employment, and
constantly threatened to lose my job, harrassed, and being what I know
now as assaulted, and my agency of employment in their attempt to cover
up their violations, got my OSP hearing dismissed on the grounds of
soverign immunity, and in retaliation, my being told that I was/am
under a microscope, and the EEOC dismisses my charge rather than hold
an investigation, and now every day that I go to work, the fear of
losing my job because I'm under a microscope, and the EEOC seems to have
refused to provide me a complete copy of my file;

Then therefore, per all of the above.

Under the Freedom of Information Act, I asked the EEOC for a copy of my
file in my letter of 10/7/97 and to date, the EEOC has still not provided
me it.

Therefore, because of the EEOC's delay in providing me the copy of my file
that I requested, under the Freedom of Information Act, I request again in
writing to the EEOC that without any further delay, they provide me an
official "Report of Investigation" in Charge # 141970509 and/or a complete
copy of my file, Charge # 141970509, and this request is notorized for
legal purposes.

Sincerely,

*Milton Blackwell*

Milton Blackwell, USNR

Encl(1): letter of 10/7/97

**ACKNOWLEDGEMENT**

Encl. Subscribed and sworn before me this
11   12 day of MAY          , 19 98.

*Edith L Melville*

11-5-98          Notary Public

EDITH L. MELVILLE
NOTARY PUBLIC
PASQUOTANK COUNTY, NC
My Commission Expires 29 JULY 2001



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Charlotte District Office

129 W. Trade St., Suite 400
Charlotte, NC 28202
PH: (704) 344-6682
TDD: (704) 344-6684
FAX: (704) 344-6734

JUN 1 0 1998

Milton Blackwell
1305 Eastway, Apt. 8
Elizabeth City, NC 27909

Re:  FOIA No. 98-05-FOIA-463-CT
     <u>Milton Blackwell v. Elizabeth City State University</u>
     Charge No. 141970509

Dear **Mr. Blackwell**:

Your request for disclosure has been processed under the Freedom
of Information Act (FOIA). Your request is granted in part and
denied in part. The portions not released are being withheld
pursuant to subsections of the FOIA indicated in the comments
page attached to this letter. Another attachment to this letter
explains the use of these exemptions in more detail.

The document which has been disclosed in accordance with your
request is enclosed. A total of 195 pages was photocopied.
There will be no charge for the photocopying.

You may appeal the denial or partial denial of your request by
writing within thirty days of receipt of this letter to Assistant
Legal Counsel, Advice and External Litigation Division, Office of
Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801
L Street, N.W., Washington, D.C. 20507. You must include a copy
of the Regional Attorney's determination with your appeal. Your
appeal will be governed by 29 C.F.R. 1610.11.

Very truly yours,

Mindy E. Weinstein
Regional Attorney

Enclosure(s)

COMMENTS PAGE
Charge No. 141970509


Exemption (b)(5).

    1.    Closure/Cause Report, dated 9/24/97 (1 page).

    2.    Recommendation for Closure, dated 9/24/97 (1 page).

    3.    Raleigh Area Office Assessment Processing Instructions for Pending Inventory, dated 7/16/97 (1 page).

    4.    Case Log, entry, dated 7/16/97, deliberative information redacted.


Exemption (b)(6) and (b)(7)(C)

    5.    Position Applicants Data, third party information redacted.


1

## EXPLANATION OF EXEMPTIONS

The following subsections of Title 5, United States Code, section 552(b), describe the types of records that are exempt from disclosure under the Freedom of Information Act (FOIA).

(2)  Materials related solely to the internal rules and practices of the EEOC. This exemption permits withholding of administrative information because release of the data would be an unwarranted administrative burden.

(3)  Information specifically exempted from disclosure by statute.

    Section 706(b) of Title VII of the Civil Rights Act of 1964 prohibits charges or anything said or done during informal EEOC efforts in resolving charges from being made public. Section 709(e) prohibits disclosure of information obtained in EEOC investigations or information obtained from employer compliance with the Commission's reporting requirements prior to the institution of a Title VII lawsuit involving that information.

(4)  Privileged or confidential information involving commercial or financial matters the disclosure of which would likely cause competitive injury or would hamper our ability to obtain the information in the future.

(5)  Interagency or intraagency documents that are unavailable through discovery in litigation; or documents that if disclose would inhibit the development of policy and administrative direction; or that represents the work product of any attorney client relationship. The exemption covers internal communications that are deliberative in nature. Records may be withheld under this exemption if they were prepared prior to an agency's decision and for the purpose of assisting the agency decisionmaker.

(6)  Materials containing information applicable to a specific individual if disclosure would constitute a clearly unwarranted invasion of personal privacy as balanced against the public interest in disclosure.

(7)  Records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to: (A) interfere with law enforcement proceedings, including pending administrative action; (C) constitute an unwarranted invasion of the personal privacy of another person; or (D) reveal the identity of an individual who furnished information to EEOC under confidential circumstances.

2

Milton Blackwell
1305 East   y, Apt. 8
Elizabeth City, NC 27909

Date: 10/07/97

Home Phone: 919-331-2422
Work Phone: 919-335-3319

Charge # 141970509


Richard E. Waltz, Director
E.E.O.C
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608-2129

Mr. Waltz,

I write this letter in request of a copy of my file in charge # 141970509 for the purpose of pursuing the matter in court.


Sincerely,

*Milton Blackwell*

Milton Blackwell

# Note:

**This Is Only A
Partially Scanned Document.**

**Please See The Case File For
Attachments, Exhibits, Affidavits Or Other
Material Which Has Not Been Scanned.**