IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA   FILED
NORTHERN DIVISION
NO. 2:98-CV-38-B02

OCT 16 1998

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E DIST. NO. CAR.

```
MILTON BLACKWELL,                )
        Plaintiff,                )
                                  )
    vs.                           )         PLAINTIFF'S
                                  )      RESPONSE TO MOTION
UNITED STATES EQUAL EMPLOYMENT   )        OF DISMISSAL AND
OPPORTUNITY COMMISSION,           )       SUMMARY JUDGEMENT
        Defendant                 )
                                  )
                                  )
                                  )
                                  )
```

MEMORANDUM IN SUPPORT OF PLAINTIFF MILTON BLACKWELL'S MOTION
FOR RELIEF TO PLAINTIFF AS REQUESTED IN SUIT AND SUMMARY
JUDGEMENT THAT THE EEOC PROVIDE THE REQUESTED RELIEF AS
REQUESTED IN PLAINTIFF'S SUIT

I.  SUMMARY OF THE CASE

Plaintiff initiated this action by filing a complaint on June 5, 1998, against the U.S. Equal Employment Opportunity Commission (herinafter EEOC) under the Freedom of Information Act (herinafter FOIA) because the defendant failed to make any response to my request for a copy of my file in my letter dated 10/7/98. As relief, Plaintiff seeks the withheld information or money damages as specified in my suit.

Initial request for a copy of my file was made on 10/7/97 following EEOC's sudden dismissal of my sexual discrimination complaint and the EEOC chose not to respond in any way to that request for a copy of my file. Following the EEOC's failure to

respond to my initial request, a second request was made in writing to the EEOC in my letter of 5/8/98 in which I requested under the FOIA that they provide me a copy of my file without further delay. Again the EEOC chose not to respond to my request and therefore I filed suit on 6/5/98.

Plaintiff's letter of 5/8/98 was received by the defendant on 5/13/98 which gave the defendant ample time to contact me before I filed suit on 6/5/98. The EEOC received my letter of 5/8/98 in plenty of time to satisfy FOIA time requirements but chose to sit on my request for information until 6/10/98 before bothering to respond in any way to my requests. My letter of 5/8/98 was posted to them by certified mail with return receipt and my records reflect that the EEOC received my letter of 5/8/98 on 5/13/98 (copy of receipt enclosed) which gave them plenty of time to contact me prior to my filing suit. Plaintiff can not be held responsible that the EEOC sat on my request until 6/10/98.

Had the EEOC contacted me in any timely manner following my first request in my letter of 10/7/97 or my second request in my letter of 5/8/98, perhaps the necessity of my filing suit on 6/5/98 could have been avoided. However, since the EEOC chose not to respond to my requests for a copy of my file in any timely manner, but sat on my requests until 6/10/98, left Plaintiff no alternative but to finally file suit under the FOIA for a copy of my file.

2

It appears that the EEOC finally decided to release some information to me from my file on 6/10/98 as result of my two requests but because they had failed to contact me in a timely manner, and because of their continued silence, I had already filed suit on 6/5/98.

Therefore, because Plaintiff had nothing to do with the EEOC sitting on my request from the date of receipt, 5/13/98 until 6/10/98, the defendant informing Plaintiff in their letter of 6/10/98 that I could appeal it's determination if dissatisfied with the documents that they had provided was no longer revelant.

I. STATEMENT OF FACTS

1. Admit that in July 1997 Plaintiff filed a sexual discrimination complaint, charge no. 141970509 with the defendant Raleigh Area EEOC (herinafter RAO) against Plaintiff's employer Elizabeth City State University.

2. Admit RAO dismissed Plaintiff's charge on 9/24/97.

3. Admit Plaintiff requested in writing to RAO that RAO provide me a copy of my file relating to my charge which had been suddenly dismissed by them.

4. Admit that Plaintiff's 10/7/97 request for the charge file was not made pursuant to the FOIA. At that time, I did not realize that I would have to mention the FOIA and file suit in order to get some response from them.

3

5. Admit that in my letter of 5/8/98 I made reference to filing for a copy of my file under the FOIA since the RAO had declined to provide any response to me following my request of 10/7/97.

6. Admit that on 6/10/98 defendant released to Plaintiff some of the documents from my charge file.

   A. Defendant states that one document not disclosed is "RAO Area Office Assessment Processing instructions for pending inventory." That document contains defendant initial assessments of the merits of the charge.

   B. Defendant states that a second document withheld is the "recommendation for closure," dated 9/24/97, e.g., should the charge be dismissed, further investigated, is there reason to believe discrimination occurred.

   C. Defendant states that the third document withheld is the "closure/cause report," dated 9/24/97 which defendant explains as basis for defendants final disposition of the charge, e.g., "settlement, "provide litigation resolution, "no cause".

   D. Defendant states that one document from which information was redacted is the "case log" which tracks the investigators work on the charge.

   E. Plaintiff did not appeal defendants June 10 decision because as stated above, my letter of 5/8/98 was posted to RAO by certified mail with return receipt and my records

4

reflect that the RAO received my letter of 5/8/98 on 5/13/98 (copy of receipt enclosed) which gave the RAO/EEOC plenty of time to contact me prior to my filing suit. Defendant states that information providing knowledge of EEOC workings are exempted. Therefore, Plaintiff can not be held responsible that the RAO/EEOC sat on my request for a copy of my file from 10/7/97 until 6/10/98.

### III. LEGAL ARGUMENT

A. Plaintiff did not appeal defendants June 10 decision because as stated above, my letter of 5/8/98 was posted to RAO by certified mail with return receipt.

My records reflect that the RAO received my letter of 5/8/98 on 5/13/98 (copy of receipt enclosed) which gave the RAO/EEOC plenty of time to contact me prior to my filing suit. Plaintiff requests that my suit not be dismissed due Plintiff can not be held responsible that the RAO/EEOC sat on my request until 6/10/98. Therefore, because Plaintiff had nothing to do with the EEOC sitting on my request from the date of receipt, 5/13/98 until 6/10/98, defendant informing Plaintiff that Plaintiff could appeal it's determination if dissatisfied with the documents that they had provided was no longer relevant.

My letter of 10/7/97 was not filed under the FOIA because the copy of the charge file requested is not

5

someone elses charge file, but my own charge file from
my charge no. 141970509. At the time, Plaintiff thought
that a simple request for a copy of my own file would be
sufficient because of the RAO statement of services
(document enclosed) and that the information that I had
requested was only that which the EEOC was under their
own statement of services obligated to provide freely
and which they had not provided, i.e.,

OUR SERVICES -

We will explain our procedures, and your rights and
obligations under the Federal laws we enforce.

1. If you believe that you have been discriminated against,
we will help you file your complaint.

2. We will gather information to determine whether or not
your complaint of employment discrimination is supported.

3. We will explain what the information says about your
complaint.

4. We will seek appropriate relief on your complalint,
which may include going to Federal Court, when we determine
that discrimination has occured.

  B. Summary judgement should be granted in Plaintiff's
  favor because in working up the discovery plan with
  defendant, I stated to the defendant that I had asked for
  a copy of my whole file because I had no way of knowing
  which documents to specifically ask for pretaining to
  their investigation based on my complaint of discrimination.

6

The RAO failed to confer with me concerning the information that they had gathered as to determining whether or not my complaint of employment discrimination was supported, explain to me what the information said about my complaint, or what to ask for or who to ask if I wanted to get any information from them concerning my complaint of discrimination.

During my discussion with the defendant concerning the Discovery Plan, I stated that in leiu of a copy of my whole file or the money damages requested, that the dispute could be resolved and settled if only the RAO/EEOC would provide me the documents from my file reflecting their investigation based on my Affidavit and Charge of discrimination.

The defendant is well aware that the document information that the RAO/EEOC continues to withhold falls under the same rules of disclosure as the information which they provided me. This dispute is over the fact that just as the information that they provided me reflecting their request for information and respondent's position based on their Affidavit and Charge of discrimination is was not exempt, that therefore, they have no legal reason why the same class of information reflecting their request for information and respondent's position based on my Affidavit and Charge of discrimination should be exempt from them providing that information to me.

This dispute is over the genuine fact that the defendant continues to wish to withhold the information collected based on my Affidavit and Charge of discrimination which is

7

information that they should have freely provided me during the course of their investigation of my complaint/charge no. 141970509. The material fact and genuine fact in dispute is that the only question which must be resolved is one of law; namely, the withheld documents not disclosed concerning the information that the RAO collected based on their investigation based on Plaintiff's Affidavit and Charge of discrimination does not fall under any of the exemptions stated by the defendant.

The fact that the defendant did not state any legal reasons, exemptions, or law which exempts the EEOC from having sent me the respondent's position based on my Affidavit and Charge of discrimination the same as they sent me the documents based on their charge of discrimination. And since the information requested from the EEOC is from Plaintiff's charge file and is for my own personal information, the defendant's discussion on invasion of my own privacy is not relevant.

### IV. CONCLUSION

In good faith Plaintiff waited from the time of my letter of 5/8/98 until 6/5/98 to give defendant every opportunity to contact me concerning my request for information from my charge file before filing suit on 6/5/98. Therefore, since the time requirements for requesting information under the FOIA were met, Jurisdiction in this matter does fall under this Court.

In good faith, Plaintiff stated to defendant that Plaintiff would have considered the dispute resolved if the

RAO/EEOC had only provided me the documents from my charge file reflecting the RAO investigation based on my Affidavit and Charge of discrimination; information which does not fall under any of the exemptions that the defendant has stated.

For all the foregoing reasons, Plaintiff's motion for money relief as requested in my suit should be granted and for Summary Judgement in Plaintiff's favor since the EEOC has continued to refuse to provide Plaintiff the documents from my charge file reflecting their investigation based on Plaintiff's Affidavit and Charge of discrimination.

Respectfully submitted,

Milton Blackwell
Plaintiff

This 14th day of October, 1998

Milton Blackwell

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff Milton Blackwell's Response to Motion and Memorandum in Support of Motion were mailed by _Express MAIL_ mail on October _14th_, 1998 to the following party:

Equal Opportunity Employment Commission
1801 L Street, N.W.
Room 6033
Washington, DC 20507

This _14th_ day of October, 1998        Milton Blackwell
                                        Plaintiff

                                        _Milton Blackwell_
                                        Milton Blackwell

# Note:

## This Is Only A Partially Scanned Document.

## Please See The Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned.