IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:98-CV-38-BO(2)

| | |
|---|---|
| MILTON BLACKWELL, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or for Summary Judgment, pursuant to Rule 56, and Plaintiff's Motion for Summary Judgment, pursuant to Rule 56. The underlying action alleges that Defendant failed to respond to Plaintiff's request for documents purportedly made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Upon consideration of the parties' arguments, and for the reasons discussed below, this Court will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Milton Blackwell filed a charge of employment discrimination with Defendant United States Equal Employment Opportunity Commission ("EEOC") against his employer, Elizabeth City State University. Plaintiff's charge was filed at the EEOC's Raleigh Area Office, which reports to the EEOC's District Office in Charlotte. The Raleigh Area Office dismissed Plaintiff's charge on September 24, 1997.

In a one-sentence letter dated October 7, 1997, Plaintiff asked the Raleigh Area Office to

provide him a copy of the case file related to his charge. The letter did not reference FOIA or otherwise indicate that Plaintiff's request was being made pursuant to FOIA. The Raleigh Area Office staff did not respond to Plaintiff's October 7 letter.

Seven months later, Plaintiff sent a letter, dated May 8, 1998, to the U.S. Department of Justice and EEOC's Raleigh Area Office. In the May 8 letter, Plaintiff requested that the Raleigh Area Office provide him a copy of his charge file pursuant to FOIA. The Raleigh Area Office received the FOIA request letter on May 13, 1998. The Raleigh Area Office then transferred the request to Defendant's regional attorney at the Charlotte District Office, who received Plaintiff's request on May 28, 1998. Nine work days later, on June 10, 1998, Defendant, through its regional attorney, released to Plaintiff almost all of his charge file, consisting of 195 pages. Three one-page documents were withheld, and two other documents has information redacted. In the accompanying letter describing the decision to release most of the charge file but to withhold certain documents and information, Defendant informed Plaintiff that he had thirty days to appeal the decision to the EEOC's Washington, D.C. office. Plaintiff has not appealed.

Instead, prior to receiving Defendant's decision, Plaintiff filed the instant lawsuit on June 5, 1998 seeking release of his entire file or money damages. Defendant subsequently filed the Motion to Dismiss, based on lack of subject matter jurisdiction, or for Summary Judgment, which is now pending before the Court. Plaintiff has responded, and filed his own motion for summary judgment. The motions are now ripe for adjudication.

## ANALYSIS

Defendant has made a Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant argues that this Court lacks subject matter jurisdiction over the case because Plaintiff has allegedly failed to exhaust administrative remedies under the FOIA.

2

Specifically, Defendant claims that Plaintiff filed the instant suit before Defendant's time to respond the FOIA request had expired, and that Plaintiff then failed to file a timely administrative appeal from Defendant's timely response.

Exhaustion of administrative remedies under FOIA is generally required before filing suit in federal court.[1] See Pollack v. Department of Justice, 49 F.3d 115, 118 (4th Cir. 1995) ("[A] requester may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies."); Taylor v. Appleton, 30 F.3d 1365, 1367 (11 Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."). The exhaustion requirement allows an agency's senior management to correct any mistakes made at lower levels, thereby avoiding unnecessary judicial review. See Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing McKart v. United States, 395 U.S. 185, 194 (1969).

The FOIA requires an agency to make certain records available upon request if such request is made in accordance with the agency's published rules concerning disclosure. See 5 U.S.C. § 552(a)(3)(A). According to the published regulations of Defendant EEOC, a request must be written and "must be clearly and prominently defined as a request for information under the Freedom of Information Act." 29 C.F.R. §§ 1610.5, 1610.7(c). In addition, the regulations provide that a request must be "submitted to the regional attorney for the pertinent district, area, or local office, at the district office address listed in § 1610.4(c)." Id. § 1610.7(a)(4). Furthermore, "[w]hen a request is one which by nature should properly be directed to . . . a

---

[1] The only exception to this general requirement occurs when an agency fails to respond in a timely fashion to a proper FOIA request. See 5 U.S.C. § 552(a)(6)(C); Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir. 1995). As discussed later in this Order, Defendant EEOC did in fact respond in a timely fashion to Plaintiff's request. The exception, therefore, does not apply in this case.

3

regional attorney, such request shall not be deemed to have been received by the Commission until the time it is actually received by the appropriate official." Id. § 1610.7(d).

After a FOIA request has been properly made, an agency is required to make a determination of whether, and to what extent, it will comply within twenty days (excepting weekends and legal holidays), and notify the requesting person of its decision immediately. See 5 U.S.C. § 552(a)(6)(A)(i). The time period for responding to a FOIA request, however, does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published regulations. See Church of Scientology of Cal. v. IRS, 792 F.2d 146, 150 (D.C. Cir. 1986); Brumley v. United States Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

An administrative appeal is possible where an agency's initial FOIA determination has been adverse. See 5 U.S.C. § 552(a)(6)(A)(ii). Therefore, the exhaustion of administrative remedies does not occur until the completion of an administrative appeal, unless the agency fails to comply the applicable time limitations. See id. § 552(a)(6)(C); Oglesby, 920 F.2d at 64.

In this case, Plaintiff made two separate requests for his file, and each request failed to comply with the EEOC's FOIA regulations. Plaintiff's October 7, 1997, letter was not addressed to the regional attorney in the Charlotte District Office. More importantly, that letter failed to be "clearly and prominently defined as a request for information under the Freedom of Information Act." See 29 C.F.R. § 1610.7(c). Because the one-sentence letter failed to make any reference to the FOIA, the staff at Defendant's Raleigh Area Office were not required to process it as a FOIA request.

Plaintiff's May 8, 1998, letter, while it did reference FOIA, was not properly addressed to the regional attorney in the appropriate district office, which was in Charlotte. After the May 8

4

letter was received in the Raleigh Area Office on May 13, 1998, it was properly referred, pursuant to 29 C.F.R. § 1610.7(e), to the regional attorney, who received the request on May 28, 1998. Because the regional attorney was the appropriate official to receive Plaintiff's FOIA request, the EEOC is not deemed to have properly received the request until May 28, 1998. See id. § 1610.7(d). Accordingly, Defendant had twenty days from May 28, 1998, excluding weekends and holidays, to timely respond to Plaintiff's FOIA request. See Brumley, 767 F.2d at 445. Defendant's June 10, 1998, response to Plaintiff was therefore timely.

Because the EEOC thus complied with the applicable time limitations, the only way for Plaintiff to exhaust administrative remedies was to pursue an administrative appeal of the initial determination by the EEOC's regional attorney. Plaintiff has failed to timely request an administrative appeal in this case. Therefore, Plaintiff has not exhausted his administrative remedies and his suit is not properly before this Court.[2] Consequently, the Court must dismiss the case for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is hereby GRANTED, and Plaintiff's Motion for Summary Judgment is hereby DENIED. Plaintiff's claim is accordingly dismissed in its entirety.

SO ORDERED.

This 7st 1st day of February, 1999.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also failed to exhaust administrative remedies when he filed the instant suit before Defendant's time to respond to his FOIA request had expired.

5